Ducat, Respondent, vs. Industrial Commission, Defendant: Kimberly-Clark Corporation, Appellant.

*September 12—October 8, 1935.*

For the appellant Kimberly-Clark Corporation there were briefs by *Hooper & Hooper* of Oshkosh, and oral argument by *Ed. M. Hooper.*

For the respondent there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *A. L. Sigman.*

WICKHEM, J.  Plaintiff contends that in this case the commission failed to consider and review testimony offered by plaintiff at a hearing before an examiner; that this constituted a jurisdictional defect which required that the award be set aside and the record remanded for further proceedings.  The contention is doubtless sound in principle, although its merits need not be determined here.  The difficulty is that the record does not disclose the existence of the facts upon which the contention is based.  The award purports to be based upon the entire record, and the only fact that could be asserted to support the inference that the testimony taken before the examiner was not considered is that the reporter's notes were lost and not available for the purpose of transcription at the time of appeal.  There is, however, no showing that the notes were not available and actually read to the commission when the matter was under consideration.  It was suggested upon the oral argument that the general practice was not to transcribe the shorthand notes taken at hearings unless and until an appeal was taken, these

notes being merely read to the commission prior to determination. Whether the existence of this practice is one of which judicial notice may be taken need not here be considered. It is enough that the record does not disclose that some such procedure was not adopted.

Sec. 102.23 (2), Stats., provides with reference to an action to review an award:

"Upon the trial of any such action the court shall disregard any irregularity or error of the commission unless it be made to affirmatively appear that the plaintiff was damaged thereby."

Since the award purports to be based upon the entire record, and since it does not affirmatively appear that the commission failed to weigh and consider testimony adduced at the hearing before the examiner, and since the evidence returned is amply sufficient to sustain its findings, we see no basis for disturbing the award. Quite a different question would be presented had there been a complete failure to preserve or return any testimony tending to support findings of the commission. Respondent relies upon *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53, but we think this case is not applicable to the present situation. In that case there was no evidence whatever returned to the circuit court which tended to support the award, and it affirmatively appeared that the conclusions of the commission upon one of the important and determining issues were based upon independent investigations and not upon testimony taken at a hearing "or laid before the parties."

It follows that the trial court erred in setting aside the award.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the award of the Industrial Commission.