WACHO MANUFACTURING COMPANY and another, Respondents, vs. INDUSTRIAL COMMISSION, Appellant.

*November 13—December 8, 1936.*

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb* and *Henry S. Reuss* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

WICKHEM, J.   Paul Ziemer became an employee of the Wacho Manufacturing Company in August, 1932.   He was a sheet-metal worker and the discharge of his duties required the use of gasoline torches.   On May 6, 1933, he was using a leaky torch which sprayed gasoline over his clothing.   The gasoline ignited, and he was seriously burned.   A hearing was held on October 26, 1934, at which time the medical testimony was to the effect that Ziemer was forty per cent permanently disabled.   On February 19, 1935, an examiner made an award based on a finding of forty per cent of permanent total disability.   On March 4, 1935, the examiner entered an order in which it is recited that a mistake had been discovered in the credit to which the insurance carrier was entitled at the time of the order of February 19th.   The order recites that the examiner "does, therefore, hereby on his own motion set aside said order and makes the following amended order."   The amended order prescribes that the carrier pay compensation until $2,704.23, rather than $2,882.39, has been paid.   This order contains no new findings of fact with respect to the foundation of compensation liability.   On March 26th, the examiner entered an order for the payment of attorney's fees and reducing by the amount of such fees the amount to be paid by the insurance carrier directly to Ziemer.   On April 9, 1935, the Industrial Commission entered an order setting aside the award on the grounds of mistake and newly-discovered evidence and ordering that the matter be scheduled for further hearing.   This order was based on the filing of affidavits by two doctors to the effect that Ziemer was totally disabled and in need of

further medical and surgical treatment. The lower court was of the opinion that the commission was without jurisdiction to enter the latter order.

Sec. 102.18, Stats. 1933, provided in part as follows:

"(1) After final hearing the commission shall make and file its findings upon all the facts involved in the controversy, and its order, which shall state its determination as to the rights of the parties. . . .

"(2) The industrial commission may authorize a commissioner or examiner to make findings and orders, under rules to be adopted by the commissioner. Any party in interest who is dissatisfied with the findings or order of a commissioner or examiner may file a written petition with the industrial commission as a commission to review the findings or order.

"(3) If no petition is filed within twenty days from the date that a copy of the findings or order of the commissioner or examiner was mailed to the last-known address of the parties in interest, such findings or order shall be considered the findings or order of the industrial commission as a body, unless set aside, reversed or modified by such commissioner or examiner within such time. If the findings or order are set aside by the commissioner or examiner the status shall be the same as prior to the findings or order set aside. If the findings or order are reversed or modified by the commission or examiner the time for filing petition with the commission shall run from the date that notice of such reversal or modification is mailed to the last known address of the parties in interest. Within ten days after the filing of such petition with the commission the commission shall either affirm, reverse, set aside or modify such findings or order in whole or in part, or direct the taking of additional testimony. Such action shall be based on a review of the evidence submitted. If the commission is satisfied that a party in interest has been prejudiced because of exceptional delay in the receipt of a copy of any findings or order it may extend the time another twenty days for filing petition with the commission.

"(4) The commission shall have power to remove or transfer the proceedings pending before a commissioner or examiner. It may also on its own motion, set aside, modify

or change any order, findings or award (whether made by an individual commissioner, an examiner or by the commission as a body) at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly-discovered evidence. Unless the liability under sections 102.49, 102.57, 102.58, 102.59, 102.60 and 102.61 is specifically mentioned, the order, findings or award shall be deemed not to affect such liability."

It is contended by defendant that subs. (3) and (4) relate to completely different situations; that upon the entry of an order by a commissioner or examiner such order becomes that of the commission as a whole only if no petition is filed within twenty days from its date; that during this twenty days the commissioner or examiner has the power to set aside, reverse, or modify this order; that if the order is set aside by the commissioner, the status of the matter reverts to that existing prior to the original order; that any new or modified order is for all purposes of this statute a new order and starts a new period of twenty days within which it may be modified by the commissioner and before which it does not constitute an order of the commission. It is asserted that sub. (4) only applies after it has become the order of the commission as a whole. Applied to the present case, this contention would mean that the commission had a period of twenty days from March 25th within which to exercise its jurisdiction under sub. (4).

Plaintiff contends that sub. (4) does not create a new or added period of limitation, but that the twenty days there prescribed run from the actual date of the order of an examiner, and that the jurisdiction conferred by sub. (4) ends with the termination twenty days thereafter of the right to petition for a review by the commission.

The statute is so drafted as to give rise to some difficulty of construction, but it is our conclusion that the ruling of the trial court was correct.

Sub. (3) of sec. 102.18 provides that if the findings or order of an individual commissioner or examiner are modified *by the commission* or examiner, the time for filing a petition for review with the commission runs from the date of mailing notice of such action. This portion of sub. (3) intimates that during the twenty days following the mailing of notice of an order or finding by a commissioner or examiner, the commission, on its own motion and in the absence of a petition to review, may reverse or modify the order. While sub. (3) contains this intimation, it merely describes the consequences of exercising this power and neither confers, defines, nor limits it. We conclude that this power of intervention by the commission, in the absence of a petition to review, is conferred in sub. (4) and limited by that subsection to cases where mistake or newly-discovered evidence constitute the ground of its exercise. The only power conferred by sub. (3) upon the commission is that of dealing with an order or finding upon a petition to review, and as indicated in sub. (3), there is no such limitation upon this power as is imposed upon the power conferred by sub. (4). That such is the correct conclusion appears from a consideration of the history of the statute as well as its language.

Prior to 1933, subs. (2) and (3) and the parenthetical clause in sub. (4) were not a part of sec. 102.18. Thus, up to the enactment of this amendment, the commission had merely the power to set aside, modify, or change within twenty days from the date thereof (upon grounds of mistake or newly-discovered evidence) orders, findings, and awards actually made by it. As was entirely appropriate in view of the new powers conferred upon examiners and individual commissioners, the commission was empowered to intervene upon its own motion and set aside, modify, or change an order made by an individual commissioner or examiner upon the same grounds as it might so deal with its own order or orders at any time within twenty days from the "date there-

of." The natural meaning of this amended grant of power is that the commission may, upon the ground of mistake or newly-discovered evidence, set aside, modify, or reverse the order or findings of an individual commissioner or an examiner within twenty days after the examiner or commissioner has made the order. To hold that twenty days from the date of an order by an examiner means twenty days after it has in legal contemplation become that of the commission gives a distorted meaning to the words "made" by the "commission as a body," and makes redundant and meaningless the words "made by an individual commissioner, an examiner. . . ." Giving to the language of sub. (4) its normal and usual sense, it evidences a plain intent that an order, whatever its source, may only be set aside upon the ground specified and within twenty days of its actual making. Further than this, the purpose of the 1933 amendment was simply to relieve the commission as a whole from the obligation to hear every case, and only such provisions were made as would effectively accomplish this and accommodate the existing law to the changes. The twenty-day limitation is of great importance, both to employer and employee. A prompt hearing and an award, the finality of which shall not long be in question, have always been recognized as essential to a just and efficient scheme of compensation, and the act has always contained provisions calculated to secure this objective. It should require very clear language to warrant the conclusion that the legislature meant to extend the period during which an award lacks finality in the absence of appeal. In the absence of such language, we are not justified in enlarging the scope of sub. (4) by a process of construction which ascribes to the words there used a sense other than attributed to them by normal usage.

It is argued by the commission that this construction results in the anomaly that the examiner or commissioner, within twenty days, may modify his order upon any grounds,

while the commission may only so act in case of mistake or newly-discovered evidence. We see nothing anomalous in giving to the actual trier of the facts greater power over his orders than that given to a reviewing body in the absence of appeal. On the other hand, on defendant's construction, it does seem anomalous that in the event a cause is heard by an examiner there should be a twenty-day period during which the commission, upon its own motion, may modify an order, and thereafter another period of equal length, during which it may so act upon the ground of mistake or newly-discovered evidence, whereas if the commission had actually heard the case, only the last period would be applicable.

Assuming that the commission had twenty days from the mailing of notice of the examiner's order of March 4th within which to act, the powers of the commission under sub. (4) ended on March 25th. Hence, it is not necessary to determine, (1) whether the twenty-day period runs from the date of the modified order or from the date of the original order; or (2) whether there was such a showing of mistake or newly-discovered evidence as would warrant exercise by the commission of the powers conferred by sub. (4).

*By the Court.*—Judgment affirmed.