MILWAUKEE COUNTY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 12—March 9, 1937.*

For the appellant there was a brief by *Herbert J. Steffes,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Eugene P. Meyer* of Milwaukee argued orally for the respondent Strathmann.

WICKHEM, J.    The defendant Strathmann was employed by the Muirdale sanatorium of Milwaukee county, a sanatorium for tuberculous patients, as an attendant nurse from June, 1930, until November, 1934. Her work required her to come in close personal contact with the patients. In October, 1934, defendant contracted a cold which lasted for two weeks. A short time later a diagnosis of tuberculosis was made. A hearing was had before an examiner of the Industrial Commission on August 1, 1935. At that time the defendant was totally disabled, but on August 7, 1935, the examiner found that she had not contracted the disease in consequence of performing services growing out of and incidental to her employment, and dismissed the application for compensation. On August 20, 1935, a petition for review was filed by the applicant, and on August 27, 1935, the commission set aside the examiner's findings and order, and ordered that the plaintiff answer the petition within ten days. Plaintiff filed an

answer on August 31, 1935. On September 26, 1935, the commission filed an interlocutory order in which it found that the applicant sustained injury growing out of her employment and awarded compensation.

Appellant contends that the commission acted without jurisdiction because the award was not entered timely within the statutory requirements, was unsupported by findings of fact as required by law, and was unsupported by credible evidence. The sections of the statute pertinent to the issues are secs. 102.18 (2), (3), and (4).

Sec. 102.18 (2), Stats., provides:

"The industrial commission may authorize a commissioner or examiner to make findings and orders, under rules to be adopted by the commissioner. Any party in interest who is dissatisfied with the findings or order of a commissioner or examiner may file a written petition with the industrial commission as a commission to review the findings or order."

Sec. 102.18 (3) provides:

"If no petition is filed within twenty days from the date that a copy of the findings or order of the commissioner or examiner was mailed to the last known address of the parties in interest, such findings or order shall be considered the findings or order of the industrial commission as a body, unless set aside, reversed or modified by such commissioner or examiner within such time. If the findings or order are set aside by the commissioner or examiner the status shall be the same as prior to the findings or order set aside. If the findings or order are reversed or modified by the commission or examiner the time for filing petition with the commission shall run from the date that notice of such reversal or modification is mailed to the last known address of the parties in interest. Within ten days after the filing of such petition with the commission the commission shall either affirm, reverse, set aside or modify such findings or order in whole or in part, or direct the taking of additional testimony. Such action shall be based on a review of the evidence submitted. If the commission is satisfied that a party in interest has been

prejudiced because of exceptional delay in the receipt of a copy of any findings or order it may extend the time another twenty days for filing petition with the commission."

Sec. 102.18 (4) provides:

"The commission shall have power to remove or transfer the proceedings pending before a commissioner or examiner. It may also on its own motion, set aside, modify or change any order, findings or award (whether made by an individual commissioner, an examiner or by the commission as a body) at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly-discovered evidence. . . ."

It is plaintiff's contention that the sole jurisdiction of the commission was to set aside the award within ten days after the filing of a petition to review, that it exhausted this jurisdiction when it entered an order setting aside the award of the examiner, and that the only power the commission thereafter had was that conferred by sec. 102.18 (4) to set aside its own order within twenty days upon the ground of mistake or newly-discovered evidence. This contention has been determined adversely to plaintiff's contention by *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385. The commission here acted within its jurisdiction in setting aside the examiner's order since this step was certainly taken within the time prescribed by statute. We discover no requirement that, if the commission elects to set aside an award rather than to reverse or modify it, it is compelled to take such further proceedings in the matter as it may ultimately deem wise and proper within the ten-day limit. The only substantial question is whether the commission, having set aside an award, may thereafter enter an award contrary to that made by the examiner solely upon the record made at the hearing before the examiner. We discover no statutory prohibition against this manner of proceeding. The provisions of sec. 102.18 (3) indicate that such action as the commission shall take upon petition for review shall be based either upon a review of the evidence theretofore submitted or

upon such evidence as the commission shall in its discretion determine to take. This subsection provides that the commission within ten days shall either affirm, reverse, set aside, or modify the findings, or order the taking of additional testimony. It may, of course, be argued that the statute contemplates that there shall be a complete response to the petition for review within the ten-day period, and that the election of the commission merely to set aside an examiner's order ends its jurisdiction under the petition to review and leaves the matter as though the proceedings before the examiner had never taken place. We think this view of the statute to be unduly restrictive of the powers of the commission. The statute merely requires that some definite action of the sort specified be taken within ten days. If the commission is prepared within that time to reverse, modify, or affirm the order, it may do so. If it decides that further testimony is necessary to a disposition of the appeal, it may so order without taking any other action. If it concludes upon the record that an erroneous disposition has probably been made by the examiner, it may merely set aside the appeal and thereafter make a final determination upon the record. In other words, the statute compels the commission to act in one of the specified ways within ten days, but gives a pretty complete discretion as to the form of such action. Furthermore, although this need not be determined here, it is to be doubted whether a failure to act within ten days is jurisdictional or merely the violation of a directory provision. Certainly the statute in its present form contains no express description of the consequences of delay beyond ten days.

It is claimed by plaintiffs that the only jurisdiction to act after setting aside the award of the examiner is that conferred by sec. 102.18 (4), which authorizes the commission to set aside, modify, or change any order, findings, or award (whether made by an individual commission, an examiner, or by the commission as a body) within twenty days upon the ground of mistake or newly-discovered evidence. It was held

in *Wacho Mfg. Co. v. Industrial Comm.* 223 Wis. 312, 270 N. W. 63, that the provisions of this subsection put no limitations upon the power of the commission to dispose of a petition for review. These powers are prescribed in sub. (3) and are not subject to the limitations contained in sub. (4). Having disposed of the petition to review, and having made an award, any subsequent order affecting this award is, of course, based upon sub. (4). Here, however, the order of the examiner was set aside and the case set down for further proceedings, all of which are referable to the petition to review.

Plaintiff calls attention to the portion of sub. (3) which reads as follows,—

"If the findings or order are reversed or modified by the *commission* or examiner the time for filing petition . . ."

An examination of the legislative history of this section indicates that the bill as enacted by the legislature contained the word "commission*er*" and that through a printer's error the act as signed reads "commission." In view of this, the statement in the *Wacho Case, supra,* that sub. (3) intimates that the commission may set aside the examiner's findings is withdrawn. The context indicates that the statute means *commissioner* and not *commission* in the portion of sub. (3) just quoted, and thus sub. (3) does not even contain the intimation of a power in the commission to set aside the orders and awards of examiners in the absence of a motion to review. As held in the *Wacho Case,* this power is conferred by sub. (4) and subject to the limitations therein contained.

It is our conclusion, (1) that the commission acted within its jurisdiction in setting aside the award of the examiner and requiring plaintiff to answer the petition; (2) that it was not required to make its ultimate award within the ten days; (3) that the entering of the ultimate award was a part of the proceeding to review, did not constitute an exercise of the power conferred by sub. (4), and was not required to be based upon mistake or newly-discovered evidence.

Plaintiff contends that the order of August 27th, setting aside the award of the examiner, is fatally defective for the reason that, although it recites that it is based upon a review of the entire record, the transcript of evidence before the examiner was not completed until December 27, 1935, when it was filed in the circuit court. This question was decided adversely to plaintiff's contention in *Ducat v. Industrial Comm.* 219 Wis. 231, 262 N. W. 716. In that case the transcript of one hearing had not been returned because of the loss of the reporter's notes. It was held that the fact that the notes were not available for transcription, and were never transcribed, is not evidence that the commission did not have read to them the notes themselves. That was a much stronger case for plaintiff's contention than is here presented, because in this case the notes were concededly available for transcription and were ultimately transcribed.

It is next contended that the award of September 26, 1935, is fatally defective for want of proper findings. In the course of its award, the commission recites generally the facts of the case. In the course of stating these facts and contentions, the commission states, "There is testimony in the record in support of her contention that the tubercular condition from which she suffers was either caused or aggravated by reason of such contact." Their memorandum proceeds:

"The examiner found that a change of living conditions caused applicant's tuberculosis to become active. The commission disagrees with the examiner's conclusion. It believes that the preponderance of probabilities is that contact with tubercular patients and consequent inhalation of tubercular germs caused active tuberculosis to operate, eventuating in disability on November 8, 1934; that there was close contact with patients and that tubercular bacilli were breathed by the applicant because of such contact is well established.

"To say there is some other cause for applicant's disability, we believe, is overlooking the most probable and immediate cause to search for other causes. The commission, therefore, finds . . . that applicant while performing service

growing out of and incidental to her employment, and arising out of such employment, sustained injury in the nature of tuberculosis disease. . . ."

Plaintiff contends that the statement that there is testimony in the record in support of applicant's contention that her condition was caused or aggravated by her employment is not a finding of fact. This may be conceded without discussion. It is next contended that the finding in the second paragraph above quoted that applicant, while performing service growing out of and incidental to her employment, etc., sustained injury in the nature of tuberculosis, constituted a pure conclusion of law under the doctrine of *Tesch v. Industrial Comm.* 200 Wis. 616, 229 N. W. 194. The statement of the commission in the first paragraph quoted that it disagrees with the examiner's conclusion is condemned by plaintiff as purely negative. Whatever may be the merits of these contentions, it is considered that the portion of the first paragraph above quoted, in which the commission finds that the preponderance of probabilities is that contact with tubercular patients and consequent inhalation of tubercular germs caused active tuberculosis to operate, eventuating in disability on November 8, 1934, is a sufficiently definite finding of ultimate fact. The only question in this case was whether applicant sustained active tuberculosis as a result of her employment. Whether applicant had an arrested case of tuberculosis or whether she had never had the disease, she would be entitled to compensation if she sustained active tuberculosis as a result of her work. This the commission found to be the fact, and we discover no valid criticism of this portion of the findings.

It is next contended that there is no evidence to sustain the findings of the commission. A careful examination of the record discloses that this claim is without merit. Dr. Belknap testified that under all the facts, the applicant most probably sustained her tuberculosis while working at the Muirdale sanatorium. Dr. Habbe's testimony, while not so definite, is open to the inference that she did not have active tuberculo-

sis at the time when she entered the employ of the plaintiff county. Applicant denied that she ever had had tuberculosis. Dr. Ford testified that a long and continuous exposure to tubercle bacilli is a very important factor in reactivating an old lesion. There was sufficient competent evidence to the contrary to justify a conclusion contrary to that reached by the commission, but this, of course, is immaterial in view of the limited scope of review permitted to this court. The evidence would sustain a finding either that she did not have tuberculosis or had an arrested case of it at the time of her employment by plaintiff county, and that the work at the sanatorium either reactivated the disease or constituted its original cause. In either event, she would be entitled to compensation.

*By the Court.*—Judgment affirmed.