STATE EX REL. WATTER, Appellant, vs. INDUSTRIAL COM-
MISSION, Respondent.

*September 15—December 5, 1939.*

*Kenneth Traeger* of Gresham, for the appellant.

For the respondent there were briefs by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinion was filed October 10, 1939:

FRITZ, J.   The order appealed from was based upon facts alleged in the petition of the relator, Cortland Watter, and the Industrial Commission's return to an alternative writ of *mandamus* commanding the commission either to take jurisdiction or to show cause why it has not taken jurisdiction of an application for compensation filed by Watter on April 12, 1937.   It appears from Watter's petition that as a result of an accident on October 1, 1929, while he was employed by the Ribbens Construction Company, he suffered, a temporary total disability from October 1, 1929, to April 24, 1930, and at hearings before the commission on his application for compensation both parties presented evidence that he suffered from strained muscles of his back; that there was then nothing further before the commission and upon the undisputed testimony it made findings and an award on July 28, 1932, by which it found and determined that Watter was injured on October 1, 1929, "by reason of a fall causing a disability in his back" under circumstances entitling him to compensation; that the extent of the disability resulting from his injury was that he "sustained a temporary disability the equivalent of a temporary total disability from October 1, 1929, to April 24, 1930, and no further disability;" and that he had been paid $448.50 as compensation and his employer and insurer should pay $120.25 as additional compensation and certain expenses, and that "upon payment as directed herein, the respondent and insurance carrier shall be released of liability

to the applicant." Watter further alleged that in 1935 he began suffering more and more pain which became so severe that he was unable to do any work without disabling pain; that his physician in March, 1937, diagnosed his condition as Kuemmell's disease, described as a delayed crumbling collapse of a vertebra following injury which may or may not be a definite fracture at the time of an accident, and shows three distinct phases, to wit, (1) a stage of injury with its attendant symptoms, concussion and the regaining of consciousness and pain together with tenderness over the injury lasting merely a few days, or months; (2) a latent period of weeks, months, or years during which the patient is entirely free from symptoms; (3) a stage from the time of the recurrence of symptoms which may be merely local pain at the site of the original injured vertebra—or girdle or limb pains may be present; that the disease was the direct result of Watter's accident on October 1, 1929, and upon being advised in March, 1937, that he was suffering therefrom, he filed an application with the commission on April 12, 1937, for a hearing for post-traumatic atrophy of the vertebra, otherwise known as Kuemmell's disease; that that disease was not in issue at the time of the hearing in 1932, and because he was not then suffering any disability therefrom no cause of action had then accrued and it was not a matter that could have been adjudicated; and that the commission now refuses to take jurisdiction under the belief that it had no jurisdiction for the reason that the entire matter is *res adjudicata* because of the former hearing on the question of temporary disability on account of strained muscles of the back. In its return the commission stated that under ch. 102, Stats., it had no further jurisdiction over Watter's claim and was without power to take jurisdiction of his application; and that it had notified his attorney that it was without jurisdiction to take further action.

On this appeal Watter concedes that Kuemmell's disease, which he claims has disabled him, is not an occupational dis-

ease; but he contends that it is a traumatic disease which was a direct result of the injury to his back on October 1, 1929, and for which he has a cause of action separate and distinct from the cause for which he was awarded on July 28, 1932, compensation for temporary total disability to April 24, 1930; and that on July 28, 1932, he had not suffered any disability from that disease and it was not in contemplation of any of the parties, and therefore it could not be then in issue and passed upon, or otherwise adjudicated. Watter bases his entire case for the right.to an award of compensation on his second application on the decisions in *Acme Body Works v. Industrial Comm.* 204 Wis. 493, 234 N. W. 756, 236 N. W. 378; *Creamery Package Mfg. Co. v. Industrial Comm.* 226 Wis. 429, 277 N. W. 117; *Lange Canning Co. v. Industrial Comm.* 183 Wis. 583, 197 N. W. 722; *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772.

Of those cases the *Acme Body Works Case* is the only one in which this court passed upon an award of compensation for disability which was sustained as the result of an accident, but which had not commenced and was not discovered until after full compensation had been paid for temporary total disability in another respect during an intervening period. Consequently, with the exception of that one case, the cases relied upon by Watter are not in point. In the *Acme Body Works Case* the applicant's eye was struck by a knot while he was sawing wood as an employee of the Acme Body Works. He was disabled until he returned to work after thirty-five days, during which compensation for temporary disability was paid to him without any application to, or action by the Industrial Commission. Six years later, while at work for the Gruenke Grading Company the same eye was injured again, and thereafter he became blind in that eye. Then, upon an application for compensation to be paid by the Gruenke Grading Company, the Acme Body Works was made a party, and the commission found that the blindness

was due to the injury sustained while the applicant was employed by the Acme Body Works. Upon that finding an award was made for the payment of compensation by that employer, and on an appeal in an action to set aside that award it was confirmed. In that case there had not been, however, any prior application to the commission for the payment of compensation by the Acme Body Works, and consequently no prior adjudication or award had been made by the commission in relation to the first injury to the eye. Instead, the temporary disability compensation had been paid pursuant to but an agreement voluntarily made between the parties on their own accord without any application or submittal of the matter to, or approval of the agreement by the commission. As there had been no prior application to the commission for compensation, and no award or approval by the commission of the amount paid voluntarily, no question as to the effect or consequences of a prior final award was involved in the Acme Body Works action; and nothing was decided or said in respect to a prior final award, or the right of an injured employee to have an award upon a second and separate application for disability which was the result of but the one accident that resulted in disability for which the commission had made a prior final award of compensation. Consequently, the decision in that case does not support Watter's contention that, notwithstanding his prior application and the adjudication and final award made thereon by the commission in relation to the extent of disability suffered by reason of the accident and the resulting injury, he is entitled to another award of compensation for additional disability subsequently suffered as the result of that accident.

The cause of action for an award on an application made by an injured employee is based upon his right under ch. 102, Stats., to recover compensation for the results of an accident. When the employee suffers an accident he has but one cause of action for compensation for all injury and disability sus-

tained as the result thereof, and his claim therefor is not severable. *R. J. Wilson Co. v. Industrial Comm.* 219 Wis. 463, 263 N. W. 204; *A. D. Thomson Co. v. Industrial Comm.* 222 Wis. 445, 450, 268 N. W. 113, 269 N. W. 253. When the commission makes findings and a final award, it is not passing upon merely the employee's right to compensation for certain claimed or then known injuries. It is passing upon all compensation payable for all injuries caused by that accident. In the case at bar the commission's award of July 28, 1932, was a final award and one which was evidently intended to compensate Watter for all injury and disability sustained by him by reason of the accident on October 1, 1929. By that award and the findings upon which it was based the commission expressly and definitely determined the full extent of Watter's disability resulting from the accident, and that he sustained no further disability; and that upon payment as directed in the award the respondent and insurance carrier should be released of liability to the applicant.

Under provisions in subs. (2), (3), and (4) of sec. 102.18, Stats., the commission may within twenty days set aside, modify, or change, under certain circumstances and conditions, an order, finding, or award made by an examiner, commissioner, or the commission; but no such change can be made by the commission except within that time and in accordance with the statutory provisions. *Edward E. Gillen Co. v. Industrial Comm.* 219 Wis. 337, 263 N. W. 167; *Wacho Mfg. Co. v. Industrial Comm.* 223 Wis. 312, 270 N. W. 63; *Welhouse v. Industrial Comm.* 214 Wis. 163, 252 N. W. 717. In addition, provisions in sec. 102.23 (1), Stats., authorize a review upon certain grounds of an order or award of the commission in an action brought against the commission by the party aggrieved thereby within thirty days from the date of the order or award. But it is only by resorting to the procedure thus authorized by subs. (2), (3), and (4) of sec. 102.18 and sub. (1) of sec. 102.23, Stats., within

the time prescribed therein, that the commission's findings and determination in making a final award can be set aside, avoided, or superseded, excepting that in cases of employees suffering from occupational diseases, additional time to set aside an award or avoid the bar of an adverse finding is allowed under certain circumstances by provisions in subs. (5) and (1) of sec. 102.18, Stats. The latter provisions are inapplicable, however, in this case inasmuch as it is not contended that Watter is suffering from an occupational disease. It follows that the order appealed from must be affirmed.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, without costs, on December 5, 1939.