15737

LEWIS *ET AL.* v. HAMILTON VENEER COMPANY *ET AL.*

(34 S. E. (2d), 220)

*Mr. W. B. Martin,* of Orangeburg, S. C., appeared as Counsel for Appellant.

*Mr. T. B. Bryant,* of Orangeburg, S. C. (For Adrianna Lewis), and *Mr. N. A. Turner* and *Mr. Edward A. Harter,*

*Jr.,* both of Columbia, S. C. (For Hamilton Veneer Co. and Associated Indemnity Co.), Counsel for Respondents,

May 23, 1945.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

Adam Lewis was an employee of Hamilton Veneer Company of Orangeburg and suffered a compensable accident on September 11, 1942, whereby he was totally disabled for a time and finally lost two fingers of his left hand. He died from natural causes, unrelated to the accident, on the following November 4th.

His widow, Adrianna, filed claim with the Industrial Commission as his dependent for a small amount of accrued, but unpaid, compensation for total disability and for the specific award provided by law for the injury to his hand. The matter was heard between her, the employer and its compensation insurance carrier, Associated Indemnity Corporation. After taking the testimony of the widow and another witness, award was made to the claimant. Before payment of it to her, a sister of the employee. the appellant Mary Sanders, intervened, claiming both as the administratrix of the estate of the deceased and as his dependent. She produced numerous witnesses whose testimony was taken on September 17, 1943, and the Hearing Commissioner

made another award which was identical with that before made. Thereupon Mary Sanders applied for review by the Commission, stating as her ground for review that the only evidence which was binding upon her was uncontradictedly to the effect that Adam and Adrianna had separated by mutual consent seven years before his death and that he thereafter contributed nothing to her support and that Mary was entitled to the award as executrix, the latter term apparently intended for administratrix.

The Commission reviewed the award, upheld and adopted it under date of June 20, 1944, stating that the conclusion was reached "after hearing able arguments of counsel and after careful consideration of all the evidence in the case." Mary Sanders then appealed to the Court of Common Pleas, principally upon the ground that the testimony of the widow and her witness, taken before appellant was a party to the proceeding, and upon which the award was founded, should not have been considered by the Commission, and that, without it, the evidence was conclusively against the widow and in favor of the contentions of appellant.

When the record was filed in the Court for the purpose of the appeal it was discovered that there was in it no transcript of the evidence offered by appellant and she moved the Court to remand the proceeding to the Industrial Commission for a rehearing. The motion was supported by affidavit of appellant's counsel to the material effect that the testimony was not transcribed and filed with the clerk of Court until November 30, 1944, and that the Hearing Commissioner and the Commission, quoting, "did not have before them the testimony of about five witnesses who testified in support of the claim of Mary Sanders * * *".

The Court in a rather full order in which the former proceedings were recited, concluded upon this point as follows: "While the transcript of this testimony may not have been before the Commission at this hearing, we may safely assume, I think, that alert counsel that he is, its purport was

fully argued to the Commission, and for this Court to hold that the Commission was not advised of its existence, or that they had not considered it, would, I think, be a challenge to the recorded statement of the Full Commission that it had carefully considered 'all the evidence in the case' and to so hold, this Court would require evidence clear and positive that such was the case. This Court is bound to respect the statement by the Commission, and, consequently, affirm its findings."

The Court thereupon refused the motion to remand and dismissed the appeal. Exceptions to this Court make three issues, briefly as follows: (1) appellant was not a party to the proceeding when the evidence of the successful claimant was taken, rendering it incompetent as to appellant for she had no opportunity to cross examine the widow and her witness; (2) that the evidence established that the widow was separated from the deceased employee for just cause and was not his dependent within the law; and (3) the testimony at the second hearing was not transcribed until thereafter and after the review by the full Commission so that, quoting, "it was a physical impossibility for the Commission to have considered all of the testimony."

The exceptions raising point (2) may be summarily overruled for there was substantial, competent evidence, contemplating that adduced at both hearings, tending to establish the facts found by the Commission and implicit in the award, in which circumstances such factual findings are beyond the review of the Courts. Section 7035-63, Code of 1942; S. C. decisions in 34 S. E. Dig., Part 2, p. 858 *et seq.,* Workmen's Compensation, Key 1939.

Embraced in the latter conclusion is adverse answer to appellant's first issue, (1) above. The evidence taken before the intervention of appellant is as much a part of the proceeding as that taken afterward. The important right of cross examination of an adverse witness

may be waived and the absence of effort by appellant to recall the widow and her supporting witnesses for cross examination must be taken as a waiver by appellant of such right. *State v. Rouse,* 138 S. C., 98, 135 S. E., 641; 70 C. J., 616, Witnesses, § 783. The record is entirely devoid of any suggestion of an attempt by appellant or her counsel to subject to cross examination the witnesses who had testified before she came into the case.

There remains the position of appellant, (3) above, that because her testimony and that of her witnesses was not transcribed by the stenographer until after the award and the review by the Commission, it must be concluded that it was not considered, despite the contrary assertion of the Commission in the record. However, we conclude that the lower Court correctly held that the evidence was duly considered, in view of the finding to that effect by the Commission and in the absence of a factual showing to the contrary.

Consideration of the evidence was not dependent upon the transcribing of it by the stenographer for the latter may have read his notes to the Commission. In fact, necessity is not shown for the transcribing of the stenographer's notes of the evidence until appeal, which latter course appears to have been followed in this case. The point is not without precedent. The following is quoted from the opinion in *Milwaukee County v. Industrial Commission,* 224 Wis., 302, 272 N. W., 46, 49: "Plaintiff contends that the order of August 27 setting aside the award of the examiner is fatally defective for the reason that, although it recites that it is based upon a review of the entire record, the transcript of evidence before the examiner was not completed until December 27, 1935, when it was filed in the circuit court. This question was decided adversely to plaintiff's contention in *Ducat v. Industrial Commission,* 219 Wis., 231, 262 N. W., 716. In that case the transcript of one hearing had

not been returned because of the loss of the reporter's notes. It was held that the fact that the notes were not available for transcription and were never transcribed is not evidence that the commission did not have read to them the notes themselves. This was a much stronger case for plaintiff's contention than is here presented because in this case the notes were concededly available for transcription and were ultimately transcribed."

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.