GERGEN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*May 24—June 22, 1946.*

*Harold J. Sanville* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Wellman Jeffords Company and Western Casualty & Surety Company there was a brief by *Bender, Trump & McIntyre,* attorneys, and *Eugene L. McIntyre* and

*John K. McIntyre* of counsel, all of Milwaukee, and oral argument by *Eugene L. McIntyre.*

ROSENBERRY, C. J.    The applicant was injured on November 22, 1942.  His injury was aggravated on December 6, 1942.  At the time of the hearing on April 30, 1943, the application for compensation was amended, alleging that applicant sustained injuries on June 15, 1942, and on December 9, 1942.  At the time of the hearing, the applicant contended that he had suffered an injury to his right arm.  After the taking of testimony the examiner made findings of fact to the effect that the applicant did not on June 15, 1942, or on December 9, 1942, sustain any injury by reason of accident or disease arising out of his employment, and that such disability as applicant had because of becoming unconscious at times, which is precipitated by a jar or jerk of his arm or shoulder, was not the result of any cause related to his employment.  An order was entered denying applicant's claim for compensation and dismissing his application.

At the time of the hearing on April 30, 1943, the applicant did not claim compensation for an injury to his head.  After the entry of the order on May 10, 1943, there was a petition for review of the findings and order of the examiner, and the commission affirmed the findings on May 21, 1943.  At the time set for hearing on April 28, 1944, the applicant requested permission to offer evidence that on June 15, 1942, applicant sustained an injury to his head and brain which caused him disability and for which he alleges that he is entitled to compensation.  The employer and the insurance carrier objected to the jurisdiction of the commission to proceed on the application filed by the applicant on January 3, 1944, and offered in evidence the record of the hearing held on April 30, 1943, and the findings and order of the examiner following that hearing and the order of the commission affirming the same made on May 21, 1943.

It appears that plaintiff on June 15, 1942, sustained a fall; that as a consequence he wrenched his right arm, experienced pain in it and lost consciousness; that from time to time thereafter a sudden jerk or jar of his right arm would produce pain, followed by unconsciousness, lasting from fifteen to forty-five minutes; that he had several attacks before December 9, 1942, on which date he had one at the A. O. Smith plant; that he had not worked since, and that he had twenty-five or thirty such attacks after December 9, 1942.

Upon the authority of *State ex rel. Watter v. Industrial Comm.* (1939) 233 Wis. 48, 287 N. W. 692, the commission held that it had no jurisdiction to make a further award and dismissed the application made January 3, 1944.

The plaintiff's first contention is that the commission denied him a hearing contrary to the provisions of sec. 102.17 of the Wisconsin statutes. This contention is without merit. The plaintiff had had a hearing in which he claimed compensation for the injuries sustained by his fall which occurred on June 15, 1942, and which he claimed was aggravated on December 9, 1942. What the plaintiff asked, and what the commission denied, was a second hearing on account of injuries sustained in the same fall.

Plaintiff now claims that he sustained an injury to his head, and that the injury to his head resulted in the impairment of his right arm and the seizures to which he has since been subjected. It seems the matter of the injury to his head and its relation, if any, to the seizures which the plaintiff suffered, was thoroughly explored in the first hearing. He was examined on October 2 and December 9, 1942, and again on January 28th, February 27th, and April 28th, two days before the hearing in 1943. The physicians who examined him attributed his seizures to some condition in his brain. X rays of the skull were negative, and on April 28 ,1943, the skull and

the scalp were negative to palpation and percussion. Dr. David Cleveland testified that—

"he could not explain it; that he was unable to locate any tumor; that the convulsions were real epileptiform convulsions."

It is manifest that the plaintiff is asking the Industrial Commission at this time to retry the matter, in spite of the fact that the commission had before it on April 30, 1943, testimony which showed that the seizures were the result of a brain lesion and were not traumatic in origin and in part at least must have based its determination upon that testimony. If the 1944 application of the plaintiff was granted, it would amount to vacating the order of 1943 and retrying the issues tried in the first proceeding. The plaintiff sustained but one fall, and such injuries as he suffered were the result of that fall. The order made by the commission on May 21, 1943, finally disposed of any claim for injuries resulting from the fall.

This case is clearly ruled by *State ex rel. Watter v. Industrial Comm., supra.* Upon the facts, this case is, if anything, a much stronger case than the *Watter Case* because in this case the relation of the disability of the claimant to head injuries were fully explored by the commission before it entered its order of May 21, 1943.

*By the Court.*—Judgment affirmed.

Rector, J., took no part.