## DEWEY VS. HYDE.

JURISDICTION — ARREST OF JUDGMENT. When a want of jurisdiction appears at any stage of a cause, it is the duty of the court to dismiss the action; and where it appears to this court that the court below had no jurisdiction of the subject-matter of the action, its judgment thereon will be reversed, and the court below directed to arrest further proceedings.

ERROR to the District Court for *Milwaukee* County.

Assumpsit brought by *Hyde* against *Dewey*, before a justice of the peace, in which, February 10, 1843, he

declared against *Dewey* on an account, for $44 and inter-
est. Plea of general issue and judgment for the plaintiff
for $44, and costs, from which *Dewey* appealed to the
district court, where the cause was tried at the June term,
1844, when the plaintiff had a verdict for $56 damages,
and for costs. A motion for a new trial was made and
overruled. The bill of exceptions shows that the account
was for the price of a stove — $44 — sold and delivered
in March, 1840, and, although when the action was com-
menced before the justice, the demand with accrued
interest, amounted to over $50, the record does not show
that any question as to jurisdiction was raised either
before the justice or in the district court.

*Peter Yates,* for plaintiff in error.

No appearance for defendant in error.

MILLER, J. This suit was brought by *Oliver M. Hyde*
against *Charles C. Dewey* before a justice of the peace of
Milwaukee county in assumpsit. The plaintiff declared
informally before the justice, on an account for $44 *and
interest,* the price of a stove sold in March, 1840. The
justice rendered judgment against the defendant for $44
and costs — from which the defendant appealed to the
district court of said county, where the cause was tried,
at the last June term of said court, and a verdict and
judgment were rendered according to the claim of the
plaintiff, for $56. The question of jurisdiction was not
raised in the district court, or the judgment would there
have been arrested. It was raised for the first time, by
the assignment of error and in the argument of the
cause, in this court. Upon the principle, that whenever
want of jurisdiction is made to appear at any stage of
the cause, it is the duty of the court to dismiss the case
from its consideration, we have examined the point and
find it to be thus: The plaintiff claimed $44 *and interest,*
the price of a stove sold and delivered in March, 1840, at
the special instance and request of the defendant. The
proof returned with the record, sustains this claim. The

summons was issued by the justice in February, 1843, when, including the interest, the amount claimed was about $53. There is no question but that the legal interest on a demand composes part of the amount claimed, and is properly to be taken into the computation, upon the consideration of this question of jurisdiction. That the justice rendered judgment for the principal only, is no answer to the objection. The jury allowed interest according to the claim filed and declared upon, and according to the proof. The plaintiff showed himself out of the jurisdiction of the justice, as clearly as in the case of *Barker v. Baxter, ante.* The court will therefore direct that the judgment of the district court of Milwaukee county be reversed, with a mandate to said court to arrest any further judgment or proceeding in said cause.

*Judgment reversed accordingly.*