TESCH, Appellant, vs. INDUSTRIAL COMMISSION OF WISCON-
SIN and others, Respondents.

*January 9—February 4, 1930.*

618

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Percy Dornbrook* of Oshkosh and *Oscar T. Toebaas* of Madison.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   The perusal and consideration of the record in this case in the light of other cases recently before the court has led us to reconsider some of the essential features of the workmen's compensation act (ch. 102, Stats.), especially those regarding the determination of questions of fact.

The act (sec. 102.18) requires that after final hearing the commission shall make and file (1) its findings upon all the facts involved in the controversy, and (2) its award, which shall state its determination as to the rights of the parties.

The act (sec. 102.23) also provides that the findings of fact made by the commission acting within its powers shall in the absence of fraud be conclusive and that the award is subject to review only upon the grounds stated in the section.

Under these provisions of the act it has been held consistently that if there is evidence which supports the finding of the commission, even though it be against the great weight or clear preponderance of the evidence, the finding may not be disturbed by the court on review.

The state of the record in this case leads us to consider what is meant by a finding of fact as that term is used in the statute. In the first place, a finding of fact is only necessary when there is a conflict in the testimony. The term was well understood in the law at the time of the adoption of the workmen's compensation act. In *Potter v. Brown County*, 56 Wis. 272, 14 N. W. 375, it was held that, where no issue was joined in an action, findings were not necessary. In *Fanning v. Murphy*, 126 Wis. 538, 105 N. W. 1056, it was held that findings should cover singly and in concise language the pleaded facts without addition by way of argument or recitation of evidence.[1]

The only disputed question in this case was whether or not Tesch was an employer of Brustman. The response made to that situation by the findings of the commission was "that on said day said Emil Brustman was employed by said Edwin Tesch."

In a case decided herewith (*Allaby v. Industrial Comm., ante*, p. 611, 229 N. W. 193), upon a wholly different state

[1] For interesting discussion of findings and related matter see *Maeder Steel Products Co. v. Zanello*, 109 Oreg. 562, 220 Pac. 155.

of facts, the response of the commission upon the disputed question was, "and the applicant, thirty-eight years of age, was in the employ of the respondent at a wage of $3 per day."

In *Habrich v. Industrial Comm.*, decided December 3, 1929 (*ante*, p. 248, 227 N. W. 877), the response of the commission was, the disputed question being the same, "that on said day the deceased W. H. Bent received injury while performing service for the respondent J. F. Habrich."

In *Badger Furniture Co. v. Industrial Comm.*, decided November 5, 1929 (*ante*, p. 127, 227 N. W. 288), the question being whether or not the deceased husband of the claimant was an employee, the response of the commission was "that on December 8, 1927, the said John B. Brisbane was in the employ of the respondent as a traveling salesman," etc.

These claims all involved the same dispute, the question being, Was the injured person an employee or an independent contractor? yet the findings of the commission give no clew to the facts in these various cases, which an inspection will disclose were widely variant. A statement of the decision does not constitute a compliance with the requirements of sec. 102.18. The findings recite quite fully the undisputed facts; this no doubt in response to the statutory injunction that the findings of the commission shall cover "all the facts involved in the controversy." If the commission is of the opinion that the facts are undisputed it should indicate that conclusion by its finding. If the facts are in dispute the controversy should be resolved one way or the other. Upon the disputed question in each of these cases the so-called finding is in fact the decision of the commission. The mere fact that it is found under the title "Findings of fact" does not affect its real character.

This leads us to the consideration of another matter. The very term *findings of fact* indicates a determination of what is established by all of the evidence in the case. The mere

fact that the finding of the commission may not be set aside under the statute because it is against the great weight and clear preponderance of the evidence does not relieve the commission of the duty to make the findings in accordance with the weight and preponderance of the evidence. While the statute relieves the court of the responsibility of reviewing the finding, it adds to the dignity and responsibility of the commission when it makes these findings conclusive. The legal rights and relations of the claimant and employer are determined upon the findings of the commission. If these are made contrary to the weight and preponderance of the evidence, the parties have no right to a review. An injustice is done them for which there is no remedy.

We do not say that formal findings such as should be filed by a circuit judge in cases tried by the court are required. There should be at least an informal recital of the facts which the commission finds to be established. For some years a document designated a memorandum accompanied the so-called findings of fact. That answered the requirements very well in most cases. *Voelz v. Industrial Comm.* 161 Wis. 240, 152 N. W. 830. Of late decisions have not been accompanied by a statement of facts in any form,—merely a statement of the ultimate conclusions arrived at upon both the law and the facts.

Differentiation of findings of fact and conclusions of law is admittedly often a difficult task. Probably no better rule of thumb can be devised than that suggested in *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452, where it is said:

"Whether a finding is an ultimate fact or conclusion of law depends upon whether it is reached by natural reasoning or by the application of fixed rules of law."

That is, where the ultimate conclusion can be arrived at only by applying a rule of law, the result so reached embodies a conclusion of law and is not a finding of fact. Consequently when, as in this case, the commission says,

"that on said day said Emil Brustman was employed by said Edwin Tesch," it merely announces its decision. Applying the legal definition of employer and employee, it reaches the conclusion that the relation existing between Tesch and Brustman was that of employer and employee; the facts to which the commission applied the rule of law do not appear in the findings. Upon the widely variant facts of three of the cases cited, the finding is the same. We have reviewed very carefully all of the evidence. So far as we can discover there is no conflict in the evidence, nor is there a single fact which even indicates that Brustman was the employee of Tesch. On the contrary, it clearly and conclusively appears that Brustman was the employee of Cowling.

The attempt of the attorney general to point out evidence which supports the findings drives him to the necessity of supporting the finding of the commission by the following:

Cowling testified: "Well, I was figuring on building a house and Mr. Tesch wanted to figure on it and so I knew Mr. Tesch for quite a while and I thought I could help him by leaving him or letting him do the work.

"Mr. Tesch was the man I hired and was the only man I was to pay; I didn't have anything to do with the rest of the men at all."

On cross-examination he was asked:

"Q. Did you give any directions to any of these men while they were doing the work? A. No one, only to Mr. Tesch.

"Q. Had you ever talked to any of the workmen concerning this work before the accident? A. No, sir, I hadn't.

"Q. Whenever you wanted to give any directions as to what was to be done on that job, to whom did you go? A. Mr. Tesch."

One of the carpenters testified:

"Q. Who was the foreman on the job if anybody? A. Mr. Tesch would have been the foreman because he had charge of the whole thing."

And the further statement of Cowling:

"I didn't want control of the work myself because I had all I could control right where I was."

He also points to the fact that Tesch at some time prior to his employment by Cowling had done contracting, and that after the accident Tesch and Cowling did enter into a contract for the completion of the work.

The attempt to support a finding by taking bits of testimony out of their context and considering them alone apart from other undisputed circumstances in the case, and then claiming that a finding supported in that manner is beyond review because supported by testimony, is wholly inconsistent with the fundamental principles embodied in the legal concept of a hearing as that term is used in American law. Considered in connection with the remainder of the testimony, the portions quoted become wholly insignificant and tend to support the opposite conclusion. Witnesses sometimes attempt to state legal conclusions rather than the facts. This is well enough where there is no controversy. Even expert witnesses are not permitted to express an opinion with respect to the issues in the case, but only what conclusion should be drawn in the light of expert knowledge from certain established facts. The mere fact that a witness says he was hired or that he was employed, or that he was under or not under the act, or other similar matters is not evidence; it is simply a statement by the witness of what he thinks the legal relation of the parties is, after applying the law to the facts. In making his determination he may consider facts not in evidence at all; he may be and very likely is in error as to the law. His conclusions, which are really decisions, are not evidence.

A. may testify that he is the child and legal heir of X. This is well enough ordinarily. Suppose, however, the matter under investigation is whether X. was not, prior to his

pretended marriage to A.'s mother, married to B., who is still living and from whom he has never been divorced. Upon that issue A.'s statement that he is an heir of X. amounts to nothing. So the statement of one that he is employed by another states what the witness thinks the legal relation between him and the other is, not the facts out of which the relationship, whatever it may be, arises. Under the statute it is the duty of the commission to find the facts. When the facts are found a question of law is presented. The application of the law to the facts results in a decision which determines questions of liability. The requirement of the statute that the commission find the facts and state them fully was no doubt inserted for the very purpose of presenting questions of law and enabling such questions to be reviewed. When a so-called finding of fact includes the ultimate conclusion as to liability, such a review is prevented in all cases except where the evidence is undisputed, and so the legislative purpose is defeated, parties are deprived of the limited right of review which the statute gives them.

The distinction between an employee and an independent contractor is not always easy to define. Commencing with the case of *Weyauwega v. Industrial Comm.* and ending with *Badger Furniture Co. v. Industrial Comm., supra,* this court has endeavored to point out the things to be considered in determining the nature of the legal relationship where one person is rendering services to another. In *Habrich v. Industrial Comm., supra,* it was said that in the absence of any showing to the contrary, where the facts appear that one was rendering service to another, the presumption was that the relation of employer and employee existed. In this case it is claimed in the brief for the respondent that because Tesch was in the contracting business, because he paid the men, because the men employed at the time had formerly been in the employ of Tesch, that after the accident the work was completed by Tesch under a contract, and the fact that

probably Tesch might discharge the men, were significant in determining the relationship between Tesch and Brustman. It is quite apparent that counsel for respondent had no confidence in these arguments. 'Certainly the fact that Tesch had been a contractor was not relevant in the consideration of whether or not he was operating under a contract at the time and place in question. Equally insignificant is the fact that as an accommodation to Cowling he paid or advanced money to the men. The fact that the men left the Cowling job and went to finish a job in .which Brustman was interested, certainly does not affect the relationship of Tesch and Brustman. The fact that after the accident Tesch entered into a contract to complete the work repels rather than strengthens the inference that prior thereto Tesch was an independent contractor. Authority to hire and discharge men is of itself of no consequence. A great many men are employed whose sole business it is to hire and discharge employees. That does not make them independent contractors; in fact they are quite the opposite.

It is argued that Tesch had control of the details of the work. The evidence shows that he was employed by Cowling for that very purpose. Cowling knew nothing about carpenter work; he had neither the time nor the ability to direct the work. The fact that the manager of a great corporation may initiate its policies and have control over every detail of its work does not make him an independent contractor. As a matter of fact there are many incidents common to the employer-employee relationship and the employee-independent contractor relationship. Both the employee and the independent contractor are in a sense in the service of the employer. In all the cases considered from *Weyauwega v. Industrial Comm.* to *Badger Furniture Co. v. Industrial Comm., supra,* it has been pointed out that the thing which distinguishes the one relation from the other is the right of control as to the details of accomplishing the result con-

tracted for. In the *Weyauwega Case* the injured person was held to be an independent contractor. The work which he was to do was agreed upon, the price he was to receive for it was agreed upon, and he could proceed in any way he saw fit to accomplish the result, either by his own labor, employing others, using machinery, or any other method that would satisfy the requirements of the contract.

In the *Badger Furniture Company Case, supra,* the injured person was a salesman. He could proceed as he saw fit, visit such territory as he desired, spend such amounts of time as he chose, and was under no obligation to respond to suggestions or directions made by his employer, and it was held that the mere fact that the employer and independent contractor co-operated did not affect the relationship existing between them.

In this case it appears without dispute that in the course of the work Cowling changed his mind and concluded to have the house torn down entirely instead of only partially as first planned; it was to be built to suit him; Tesch could not employ other men without Cowling's authority; the materials were furnished by Cowling; no result was contracted for; in fact no one know what the operations would be as they were subject to change from time to time.

As was pointed out in the *Badger Furniture Company Case,* many things may and should be taken into consideration in determining where the right of control as to details lies. No one of these things is to be seized upon as determinative of the issue. In *Kneeland-McLurg L. Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199, and *Medford L. Co. v. Industrial Comm.* 197 Wis. 35, 221 N. W. 390, it was held that the right to inspect the work, to see that it is brought up to contract specifications, does not amount to a direction or right to control the details of doing it. In this case the authority to direct and control the details of doing the work was in Tesch. This authority

was revocable or subject to modification by the act of Cowling at any time, so that the right of control as distinguished from actual control as to details was at all times with the owner, Cowling.

There are border-line cases. Whether an artist employed to give a performance is an employee or independent contractor depends upon the right to control the details of the performance. *Miller & Rose v. Rich,* 195 Wis. 468, 218 N. W. 716. See extended note in 19 A. L. R. 1168. As was said in the *Miller & Rose Case,* while the compensation act should be construed liberally to carry out its humane purposes, to include those not within its provisions would be subversive of the intent and purpose of the law. It is equally true that findings made contrary to the fair preponderance of the evidence create liability and bring the administration of the act into disfavor. In cases where the evidence is evenly balanced and an inference may be drawn one way as easily as another, the scale should be turned in favor of the claimant, principally because it was the intent and purpose of the act to bring border-line cases under it and to close up avenues of escape which would naturally be suggested to those seeking to evade liability under the act. This has no application to cases in which the evidence clearly preponderates one way or the other. In such cases the findings should be made accordingly.

It clearly appearing that Tesch was not the employer of the deceased husband of the claimant, the judgment of the circuit court affirming the award should be reversed, and the cause remanded with directions to enter judgment setting aside the award of the Industrial Commission.

*By the Court.*—It is so ordered.