GERUE, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*April 7—May 12, 1931.*

For the appellant there was a brief by *Hill & Miller* of Baraboo, and oral argument by *James H. Hill.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

Fritz, J. The ultimate question in controversy is the amount of the compensation to which plaintiff is entitled by reason of personal injuries and resulting disability which he sustained while in the service of the Medford Bridge Company. It is undisputed that plaintiff sustained eight and one-half weeks of temporary total disability. In addition the Industrial Commission found that he "has and will suffer further disability, for which he will be adequately compensated by payment to him of compensation on the basis of temporary partial disability of fifty per cent. of total disability for the period of one year, entitling him to further compensation of $405.60."

In its findings the commission did not name any specific injury or otherwise undertake to specifically describe or find as to the nature or extent of the injuries. Appellant contends that the evidence entitles him to a finding that, in addition to minor injuries not seriously disputed, his third lumbar vertebra was fractured and crushed so that it is changed and abnormal; that he was entitled to have the commission find specifically that he sustained that injury; that he has suffered permanent disability of sixty per cent. to seventy-five per cent. of total disability; and that the award which the commission did make was inadequate.

It is true that if it was possible for the commission to agree on a finding which specifically named or described the nature of plaintiff's injury, that would have made a more definite and satisfactory record. However, as a fractured or injured vertebra is not one of the specific injuries scheduled in sec. 102.09 (5), Stats., a finding specifically naming that as plaintiff's injury would still have necessitated a finding as to the extent of his disability by reason of his injury. In case of an injury which is not one of the injuries listed in sec. 102.09 (5), a mere naming of the injury would not constitute a sufficient fact basis for a conclusion of law as to the proper amount of compensation. The mere determination of the name or nature of an unscheduled injury does not

constitute the finding of the ultimate fact, which must be ascertained before there can follow the conclusion of law as to the proper compensation. Although a mere statement of an ultimate conclusion arrived at by applying a rule of law to a state of facts is not a finding of fact (*Tesch v. Industrial Comm.* 200 Wis. 616, 621, 229 N. W. 194), statutes requiring findings upon facts in controversy require but "the 'ultimate' facts, *i. e.* the facts upon which the plaintiff's right of recovery or the defendant's right to defeat a recovery necessarily depends." *Cointe v. Congregation of St. John the Baptist,* 154 Wis. 405, 417, 143 N. W. 180; *Laney v. Ricardo,* 169 Wis. 267, 271, 172 N. W. 141.

The essential ultimate fact as to the extent of the future disability because of the injury, in the case at bar, was sufficiently found in determining that the plaintiff "will suffer further disability, for which he will be adequately compensated by the payment to him of compensation on the basis of temporary partial disability of fifty per cent. of total disability for the period of one year." Upon that finding and the finding as to plaintiff's weekly wage, the proper amount of compensation can be readily computed as a matter of law.

On the other hand, even if the commission had expressly found that plaintiff did not sustain a fractured vertebra he would not be entitled to have that finding set aside in this case, in which the record discloses that there was some credible evidence which would have supported that finding. Under those circumstances, even though the finding were against the great weight or clear preponderance of the evidence, it would not be proper for the court to disregard it. *Tesch v. Industrial Comm., supra,* p. 619.

There is a decided conflict in the evidence relating to the nature of the injury, in so far as the question of a fracture of the vertebra is concerned, and also in relation to the extent of the disability even if there was a fracture of a vertebra. Although the testimony of three physicians, including Dr.

Tuffley, supports plaintiff's contentions, the testimony of a fourth physician is decidedly to the contrary, and is corroborated by the earlier diagnosis made by Dr. Tuffley, who attended plaintiff from the time of the injury.

Under the circumstances we are not warranted in concluding from the record that the Industrial Commission erred in passing upon the credibility and weight of this conflicting testimony and in its findings upon the matters in controversy. Those findings are not clearly against all credible evidence, or so inherently unreasonable as not to be entitled to the weight accorded to them by law. Consequently, the conclusion arrived at is final. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *A. D. Thomson & Co. v. Industrial Comm.* 194 Wis. 600, 217 N. W. 327.

*By the Court.*—Judgment affirmed.