WELHOUSE and others, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*January 9—February 6, 1934.*

The cause was submitted for the appellants on the brief of *Sanders & McCormick* of Milwaukee, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

ROSENBERRY, C. J.   The contention made here is that the commission acted in excess and beyond its power in setting aside the award of July 11, 1932, for the reason that no mistake appears.   On behalf of the commission it is contended that its power to open the award within twenty days is unlimited, not subject to review, and can be arbitrarily exercised.

Sec. 102.18, Wis. Stats., provides in part as follows:

"The commission may on its own motion, set aside, modify or change its order, findings or award at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly-discovered evidence."

The procedure if any to be followed is not indicated in the statute.   The terms "mistake" and "newly-discovered evidence" have well defined and well understood meanings in the law.   It is clear that the power conferred upon the commission is an enlargement of the powers previously

granted it by the statute. It is certainly in the interest of the public welfare that determinations made by the commission, even though administrative in character, should be just, definite, certain, and bring the controversy to an end. Insistence of parties has generally been relied upon to produce all sorts of excuses for continuing the exercise of power in the interest of the one complaining. Courts are authorized to review judgments upon the ground of mistake and newly-discovered evidence, but as a condition of the exercise of the power the mistake must be made to appear and the newly-discovered evidence must be set out and is then subject to certain prescribed limitations. An orderly procedure would require the commission to indicate the nature of the mistake. The power conferred is not arbitrary. It has no power of opening its award unless there was a mistake. It is in effect a jurisdictional fact and therefore subject to review. *Crowell v. Benson*, 285 U. S. 22, 52 Sup. Ct. 285. The "fact" of a mistake is not in the same category as "facts" found by the commission as a basis for compensation. A party cannot confer jurisdiction by consent where the power to act is involved. However, it is conceded that the finding in this case of additional disability was well sustained by the evidence offered and received on the original hearing. The mistake appears upon the face of the record. The Industrial Commission is not vested with power to award such compensation as it thinks should be awarded in each case, but is required to proceed upon the basis of certain established standards. It appears therefore upon the whole record that there was a mistake and while the procedure adopted by the commission is irregular and one not to be commended, the fact of the mistake now appearing, it had jurisdiction to do what it did. The determination of the commission was properly sustained by the trial court.

*By the Court*.—Judgment affirmed.