STATE EX REL. NOLAN, Appellant, vs. MENSING and others (BOARD OF CITY SERVICE COMMISSIONERS OF CITY OF MILWAUKEE), Respondents.

*April 12—May 17, 1938.*

*Maurice A. McCabe* of Milwaukee, for the appellant.

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Omar T. McMahon* and *Mathias Schimenz,* assistant city attorneys, and oral argument by *Mr. McMahon* and *Mr. Schimenz.*

ROSENBERRY, C. J. The relator was regularly appointed a sanitary inspector in the department of health on February 1, 1926. He was promoted from time to time and became a quarantine officer, contagious-disease division, on February 1, 1930. On December 21, 1933, relator was discharged by Dr. John P. Koehler, health commissioner. In the letter of discharge he was informed that he had a right to appeal to the Board of City Service Commissioners. On December 26, 1933, the relator filed a notice of appeal, and

hearing was set for January 4, 1934. He was furnished with a bill of particulars informing him as to the grounds upon which the order of discharge was based. The charges were as follows:

"1. That said quarantine officer, Mr. Raymond J. Nolan, did on Saturday, December 16, 1933, at about 3:40 p. m. fail to provide the ambulance with a bed sheet for the purpose of carrying a diphtheria patient living at 2020B West Grant street to the ambulance according to the rules and instructions governing ambulance service.

"2. That said Mr. Raymond J. Nolan again failed to provide the necessary bed sheet when the ambulance left the hospital at approximately 4:45 p. m. for a scarlet-fever patient at 3018 West Wells street.

"3. That said Mr. Raymond J. Nolan according to available information failed to discard the contaminated blanket previously used as a carrying blanket for the diphtheria case at 2020B West Grant street before the ambulance left for the scarlet-fever patient at 3018 West Wells street."

It further appears in the charges that the relator had been suspended on three different occasions; once for negligence and inefficiency, once for insubordination, and once for improper handling and offensive conduct; and had been reprimanded on the three separate occasions.

After a hearing at which Nolan appeared, the record of the board discloses that:

"It was moved by Commissioner Brown, seconded by Commissioner Urbanek and unanimously carried, that the charges against Mr. Nolan be sustained."

Thereafter, as appears by the record:

"It was moved by Commissioner Brown, seconded by Commissioner Urbanek and unanimously carried, that the discharge of Mr. Nolan be made permanent."

Notice of the action of the board was given the relator by letter under date of January 12, 1934. Thereafter, the relator

sought ineffectually to have a reconsideration and rehearing and demanded a reinstatement.

This action was not begun until August 5, 1936, about thirty months after his permanent discharge by the commission. It is the principal contention of the plaintiff that the commissioners made no decision in writing; that no decision was filed with the secretary of the board; and that the commission made no findings. The statute under which the proceeding before the board was had was sec. 16.68. It provides:

"(1) . . . The commission, on receiving such notice of appeal, shall set a date for a hearing on or investigation of the reasons for the removal, discharge or reduction, which date shall not be more than thirty days after the date of removal, discharge or reduction. Notice of the time and place of such hearing or investigation shall be served upon the employee appealing. . . .

"(2) The decision and findings of the commission, or of the investigating board or committee, when approved by the commission, shall be final and shall be filed, in writing, with the secretary of the board and shall be forthwith certified to and enforced by the head of the department or appointing officer. . . ."

Relator contends that there is no finding by the commissioners of any fact, and therefore no compliance with the statute, and relies upon *Tesch v. Industrial Comm.* (1930) 200 Wis. 616, 229 N. W. 194.

In determining this question it will be necessary for us to consider somewhat the nature of the Board of City Service Commissioners, and the purposes and object of the legislature in making provision for the board. The board is an adjunct of the civil-service system of the city of Milwaukee. It was designed to afford discharged employees an opportunity to have formal charges made, and an opportunity for a hearing thereon before their discharge became final. It is

not, as the industrial commission is, a body charged with the determination in the first instance of the facts upon which the rights of the parties to the controversy must rest. What is said therefore with reference to the findings of the industrial commission is not applicable to a board such as the Board of City Service Commissioners.

In this case sec. 16.68, Stats., seems to have been not only substantially but carefully complied with. The decision made by the board was in legal effect that the charges made, a copy of which were furnished to the relator, were proven and true. These charges were on file, and a reference to the charges indicates what the board found to be proven and true. The action of the board was recorded by the secretary of the board, and this recording clearly amounted to a written decision. The secretary was the proper recording officer to reduce to writing the determination of the board. The relator received due and timely notice of the confirmation of his discharge by the board. The clause of the act requiring a copy of the findings to be filed with the execution officer, in this case, Dr. Koehler, was substantially complied with, in any event it is merely directory. *Certiorari* brings the matter before the court for review on jurisdictional grounds only. There was a substantial compliance with the statute and evidence sufficient to sustain the finding. The trial court correctly held that the writ should be quashed.

*By the Court.*—Judgment affirmed.