DRYDEN, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.*

*November 16—December 19, 1944.*

* Motion for rehearing denied, without costs, on February 13, 1945.

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, J.  The Industrial Commission's order denied plaintiff's application for the payment of death benefits by Lincoln county for the death of her husband, Walter Dryden, as the result of his injury while engaged in operating his power shovel in performing work for the county.  The commission's

order was based upon findings made by its examiner after a hearing at which matters considered to be in issue and material were submitted for determination upon solely the matters stated in a stipulation and a deposition of George Posey, the county's highway commissioner. A recital in the stipulation provided,—

"that the only issue between the parties was whether or not the said deceased was an employee of Lincoln county or an independent contractor."

And in relation to that issue there are stated in the stipulation, and in Posey's deposition, facts and circumstances which the parties considered material for the determination of that particular issue. Upon the submittal of those matters the examiner made the following findings, which were adopted by the commission, to wit:

that Dryden "was a contractor who did excavating, trucking, and operated a small garage in the town of Birch; that he maintained a separate business and held himself out to, and rendered service to the public; that on the job being done at the time of his injury, it was agreed that the county was to pay him $3.50 per hour for shovel and operator; that he himself operated the shovel at the time of injury; that the only directions given to him by respondent [county] were as to the place and amount of work to be performed; that there was no control, or right to control on the part of the county of details of work performed by deceased;"
and that "deceased was an independent contractor and not an employee at the time of injury."

Upon those findings plaintiff's application was ordered dismissed.

On this appeal the plaintiff contends,—in connection with claiming the examiner and the commission erred in finding Dryden was an independent contractor and not an employee at the time of his injury,—that there is no basis whatever for

the finding that he "held himself out to, and rendered service to the public." This contention must be sustained. There is no statement in the stipulation that can be deemed to warrant that finding. And likewise Posey's testimony, "I believe Dryden had a little garage in the town of Birch. He also had some trucks, but I do not know if they were in operation;" and that Dryden was a contractor in excavating, trucking, and other jobs, and owned a gasoline shovel, does not establish that he "held himself out to, and rendered service to the public." And in the absence of proof sufficient to sustain a finding as to those matters, Dryden,—even though he was maintaining a separate business and performing the service for Lincoln county as an independent contractor,—would have to be considered an employee (for the purpose of ch. 102, Stats.) of the county, in view of the provisions in sec. 102.07 (8), Stats., that,—

"Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an employer subject to this chapter or has not complied with the condition of subsection (2) of section 102.28, shall for the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury."

Under these provisions, the prescribed consequence that an independent contractor shall be considered, for the purpose of ch. 102, Stats., an employee of the employer for whom he is performing such service, cannot be held inapplicable to Dryden in the absence of proof that he did hold himself out to and did render service to the public. To establish these essential matters there must be proof to that effect in addition to proof to establish that he was an independent contractor and maintained a separate business.

As the parties erred, as a matter of law, in stipulating that the only issue was whether or not Dryden was an employee of

Lincoln county or an independent contractor, and as, by reason of this error, it was evidently not considered necessary to also submit proof in relation to the material issue as to whether Dryden did hold himself out to and render service to the public, the circuit court, instead of entering the judgment under review, should have entered judgment setting aside the commission's order and recommitting the controversy and remanding the record in the case to the commission under sec. 102.24, Stats.; for such further hearing and proceedings as are necessary to determine all essential issues. Consequently, the judgment under review must be reversed and the cause remanded to the circuit court with directions to enter judgment to the effect stated above.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with the opinion.