Squires, Appellant, vs. Industrial Commission and others, Respondents.

*December 6, 1945—January 8, 1946.*

For the appellant there was a brief by *Alfred E. La France* and *Gerald T. Flynn,* both of Racine, and oral argument by *Mr. La France.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Kenosha Brass Company and American Mutual Liability Insurance Company there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth Grubb* of counsel, all of Milwaukee.

BARLOW, J. The question involved in this controversy is whether the coronary occlusion which Robert Squires suffered on September 8, 1943, was the result of a blow which he received on his chest September 2, 1943. This court has frequently held that the burden of proving facts essential to compensation is on the party seeking to establish liability. The attending physician testified that shortly after the accident there were no marks of injury on the chest and nothing to indicate there were any fractured ribs. Plaintiff testified that he rested all right the night of the accident even though his chest was sore, although he felt this was due to the fact he was generally tired. There was medical testimony that plaintiff's heart condition which manifested itself on September 8th was due to overexertion and contributed to by the blow on his chest. There was equally positive medical testimony that the blow on the chest did not cause this condition.

Appellant contends that the finding of the Industrial Commission is not supported by the preponderance of credible evidence in the case, and argues that if this is not the rule of law to be applied, it should be extended to this extent. It is not contended there is no credible evidence to sustain the findings of the commission, the only claim being that the findings are contrary to the substantial credible evidence, and this contention is predicated upon the fact that the medical testimony is in direct conflict.

It is considered this case is governed by *Hills Dry Goods Co. v. Industrial Comm.* (1935) 217 Wis. 76, 83, 85, 258 N. W, 336, wherein the court said:

"While the language relating to the *quantum* of evidence varies somewhat, the terms used such as 'credible evidence,' 'some evidence,' and 'evidence' are practically, as used, synonymous. The matter was given very careful consideration in a case involving a motion for nonsuit, *Kroger v. Cumberland Fruit Package Co.* 145 Wis. 433, 130 N. W. 513. The real

question is, in a particular case,—Is there or is there not evidence of the fact found? The test suggested by Mr. Wigmore is perhaps as good as any that can be suggested. As applied to industrial commission cases it is:

" 'Are there facts in the evidence which if unanswered would justify a person of ordinary reason and fairness in affirming the existence of the facts which the claimant is bound to establish?' 5 Wigmore, Evidence, sec. 2494. . . .

"We may point out in this connection that application of the test suggested excludes the consideration of all questions relating to the weight of evidence. When the test is applied and it is found that there are facts in evidence which if unanswered would warrant the commission in making the finding complained of, this court can go no further. The weight of evidence and credibility of the witnesses under such circumstances are wholly for the commission. *William Rahr Sons Co. v. Industrial Comm.* 166 Wis. 28, 163 N. W. 169."

It is considered there is evidence in this case to warrant the commission in making the finding complained of.

*By the Court.*—Judgment affirmed.