PLENCNER, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*September 13—October 22, 1946.*

For the appellant there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents city of Wautoma and Employers Mutual Liability Insurance Company there was a brief by *Bloomquist & Iding* of Milwaukee, and oral argument by *J. A. Bloomquist*.

BARLOW, J.   At the hearing before the Industrial Commission the parties confined their proof to the question of whether Frank Plencner was an employee of the city of Wautoma entitled to receive workmen's compensation for an injury received while working on the city sewer system.   A portion of the sewer system in the city of Wautoma became clogged by roots of trees growing into it.   Moon, as street commissioner, was charged with the duty of keeping the streets and sewers in repair, and when he reported this sewer condition to the mayor and the sewer committee they told him "to go ahead and hire some men, dig it up and then Plencner to tear it up and re-lay it then."   Moon was not a plumber.   Plencner had been engaged in the plumbing, heating, and repairing business for himself for about eleven years, and had complete plumbing tools and equipment.   He worked from his home and kept his materials in his garage and truck.   His name and business

were painted on his truck and printed on his stationery. The number of employees he had depended on the volume of his business but at no time did he have to exceed five employees. He carried compensation insurance until August, 1943, when because of war conditions and inability to get help he dropped his insurance and after that had no employees. He continued in this work as an individual for anyone who desired his services after August, 1943, but discontinued doing contract work or bidding on jobs.

Moon testified that when he went to engage the services of Plencner he told him what he wanted done and he (Plencner) "went ahead and done it." Plencner testified that when Moon came over and asked him to open up the sewer he told him he would do that much but he could not spend any time digging. Two men were employed by the city to do the digging, and the city of Wautoma obtained a machine from the city of Oshkosh to be used for cutting the roots in the sewer. The city furnished some sewer pipe and cement for this work. Plencner was called to instruct the men how to curb the opening, and then went on to do some plumbing work elsewhere in the city. When the sewer pipe was reached Plencner came back and opened it so the roots could be removed. Several lengths of city fire hose were placed in the pipe to help clean it out. Moon, Plencner, and the two men employed by the city did this work, and Plencner claims he was injured while assisting in removing the hose from the sewer. When the sewer was cleaned Plencner replaced some iron soil pipe leading into a residence, Plencner furnishing the soil pipe, lead, and leading machine to complete the connection. He also replaced a length of sewer pipe which was furnished by the city. The street commissioner certified to the city council the number of hours put in by the men doing the digging, and Plencner billed the city on his own stationery at $1 per hour for the time he worked on this job, together with his charge for materials furnished.

On this statement of facts the Industrial Commission found that Plencner was an independent contractor and not entitled to compensation under the act. Appellant contends that Moon, as street commissioner, had the right to control the details of the work as required in *Tesch v. Industrial Comm.* (1930) 200 Wis. 616, 229 N. W. 194, and that he exercised this authority by employing all persons who worked on the job, obtaining material and equipment, and being personally present at all times directing and assisting in the work. It is argued that placing the hose in the sewer for the purpose of flushing it and removing the hose is not plumbing work, and that Plencner was injured while engaged in ordinary labor as an employee of the city. We are unable to agree with counsel that Moon had control of the details of the work. He had general supervision to see that the sewer was opened, but at best he had only general knowledge of what was necessary to be done in order to accomplish this end. When he went to Plencner to employ him, Plencner informed him it would be necessary to hire men to do the digging, which Moon proceeded to do. When the men started to dig Plencner was called to instruct the men how to shore or curb the opening, and when the opening was completed Plencner returned and opened the sewer and proceeded to clean out the roots and replace the necessary pipes. Plencner did this as a skilled plumber and not under the directions of Moon, who had no knowledge of how this work was to be done. Plencner was the skilled workman who knew how to do the work, and when a skilled workman such as a plumber, carpenter, or electrician is engaged, whether it be a new or repair job, he is generally considered an independent contractor unless the intent of the parties to the contract be otherwise. That the city intended to hire Plencner as a skilled workman is evidenced by the fact that when Moon informed the mayor and street committee of the condition of the sewer they told him to go ahead and hire some men to dig it up and hire Plencner to open it and re-lay the pipes, or words to that effect. They realized that Moon

was unable to do this work, and that it required the services of a plumber, and directed specifically that Plencner be so employed. The city was in no different position than a private individual would be if the sewer leading from his residence to the main city sewer became clogged in the same manner. If he employed a plumber to do the same work that Plencner did here and did the digging himself and was present at all times, giving such assistance as he was able, it could not be successfully contended that the plumber was not an independent contractor. This is also true where a plumber or electrician or other skilled workman is called into a home to change the plumbing or wiring even though the homeowner may direct where changes are to be made and the result he desires to accomplish.

In *Kolman v. Industrial Comm.* (1935) 219 Wis. 139, 141, 262 N. W. 622, additional tests besides the right of control of details of the work to determine whether one is an employee or independent contractor are provided, such as the "place of work," the "time of employment," the "method of payment," and the "right of summary discharge." Here Plencner came on the job when he was needed and left to do other work as his services were not required. It cannot be said that Moon directed when he should come and when he should leave.

The method of payment was different from the other employees. Plencner kept his own time, submitting a bill to the city for his time and materials, and there was no deduction for withholding tax or social security. The time of the other workmen was certified to the city by Moon. Plencner also furnished the tools that were necessary, being the tools of a plumber. He furnished soil pipe, lead, oakum, and necessary equipment to melt the lead and pour it. If there is any evidence that Plencner had the right to control the details of his work while repairing this sewer the commission's finding that he was not an employee at the time of the alleged injury is conclusive. *Huebner v. Industrial Comm.* (1940) 234 Wis.

239, 243, 290 N. W. 145; *Hume v. Industrial Comm.* (1945) 248 Wis. 5, 11, 20 N. W. (2d) 573; *Squires v. Industrial Comm.* (1946) 248 Wis. 189, 191, 192, 21 N. W. (2d) 264.

Plaintiff claims this case is ruled by *Woodside School Dist. v. Industrial Comm.* (1942) 241 Wis. 469, 6 N. W. (2d) 182. There the claimant was employed to do janitor work in a public school at a specified salary per month. He rendered such services as were necessary to be done about the school building. They were ordinary services, such as sweeping and cleaning the building and odd jobs as directed by the school board. It was not a type of work requiring the services of a skilled workman, but was ordinary labor which anyone could perform. Thus there is a material difference.

It is also argued that both Moon and Plencner testified that Moon controlled the details of the work. If these general statements were to stand alone they would probably be sufficient to warrant a recovery, but all the testimony must be taken into consideration in determining whether this is a fact or merely a conclusion stated by a witness. If there are inconsistencies in the testimony of Plencner and Moon it was the function of the commission to reconcile the inconsistencies in the testimony. *Wisconsin Granite Co. v. Industrial Comm.* (1934) 214 Wis. 328, 334, 252 N. W. 155; *Jasperson v. Industrial Comm.* (1939) 231 Wis. 142, 145, 146, 285 N. W. 391. Whether Plencner was an employee or an independent contractor is a question of fact under all the evidence, to be determined by the commission, and we consider there is credible evidence to sustain the commission in holding that Plencner was an independent contractor.

The question then arises whether plaintiff as an independent contractor qualifies for compensation under sec. 102.07 (8), Stats., which provides:

"Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an em-

ployer subject to this chapter or has not complied with the conditions of subsection (2) of section 102.28, shall for the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business, profession or occupation of such employer at the time of the injury.

Plaintiff claims this case is also ruled by *Valentine v. Industrial Comm.* (1944) 246 Wis. 297, 16 N. W. (2d) 804, and *Dryden v. Industrial Comm.* (1944) 246 Wis. 283, 16 N. W. (2d) 799. These cases are entirely different from the case under consideration. In *Valentine v. Industrial Comm.,* a handyman who did cleaning for several concerns was injured while performing these services at one place of business. It was there held that the services were rendered for particular employers only, and that the injured person did not hold himself out to the public as available for general cleaning work, thus permitting him to qualify under the above statute. In the case of *Dryden v. Industrial Comm.,* Dryden was held to be a public contractor, but the stipulation of facts did not disclose whether he held himself out to the public as available for the particular kind of work he was doing, and the case was remanded for additional testimony.

Plaintiff argues that by reason of the fact that he did not take contracts after August, 1943, he did not hold himself out as a person who could be employed by the public to do this particular type of work. The testimony showed that this was his means of livelihood and all that he did in 1943 was to reduce his operations in accordance with conditions that existed at that time, and continued to exist. He performed services as a plumber for everyone who requested them, and we consider that the commission properly determined that he held himself out to the public as a person engaged in the heating and plumbing business.

*By the Court.*—Judgment affirmed.

FOWLER, J., dissents.