Waseka and another, Appellants, vs. Industrial Commission and another, Respondents.*

*June 10—July 12, 1949.*

* Motion for rehearing denied, with $25 costs, on September 13, 1949.

For the appellants there was a brief by *Martin L. Fugina* and *Marvin L. Fugina,* both of Fountain City, attorneys, and *Fugina, Kostner, Quinn & Ward* of Arcadia of counsel, and oral argument by *Martin L. Fugina* and *Marvin L. Fugina.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

HUGHES, J. The appellants contend that the determination of whether one is an employee is a conclusion of law, and that the courts have the duty of reviewing the evidence to determine whether the commission erred.

It is true that where the facts are not in dispute the determination of whether the relationship of employer and employee existed constitutes a conclusion of law, and the determination of the commission is not conclusive. *Tesch v. Industrial Comm.* (1930), 200 Wis. 616, 229 N. W. 194.

In the instant case the facts were in sharp dispute. Applicant and Robert Bachler were young boys of high-school age. Applicant worked for the Waseka brothers in a meat market formerly owned by their father. Their widowed mother lived in the apartment above the market. It was the contention of the appellants that Bachler worked for their mother, mowing lawn, tending shrubs and garden, and doing other odd jobs; and that he had never worked for the brothers. Appellants and their mother testified that the mother hired Bachler and paid for his services. Bachler gave like testimony.

Schollmeier testified that he was paid in cash by the appellants, that Bachler was paid in cash at the same time by appellants, and that they worked together in the store.

This alone would appear to be enough to raise an issue of fact for the commission.

In addition, applicant produced several witnesses who testified that they saw Melvin Schollmeier and Robert Bachler at various times working in the store together. Appellants contend that because these witnesses were all related to applicant, their testimony should not be given weight.

This contention is not sound. Appellants were interested in the outcome as well as applicant. Presumably, their mother would like to see them win, just as applicant's kinfolk would like to have him recover. These interests, while proper matters for the trier of the facts to consider when evaluating the testimony and passing upon the credibility of the witnesses, do not disqualify any of the witnesses nor render their testimony incredible. The commission had the right to believe the applicant and his witnesses, and its conclusion on that question of fact is final.

*By the Court.*—Judgment affirmed.