HINCH, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.*

*October 11—November 6, 1951.*

* Motion for rehearing denied, with $25 costs, on January 8, 1952.

*J. C. Raineri* and *Alex J. Raineri,* both of Hurley, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Robert J. Merklein* of Milwaukee, for the respondent Maryland Casualty Company.

GEHL, J.    Plaintiff claims that on July 16, 1948, he sustained permanent disability to his back resulting from a fall while pushing a large rock while in the employ of Iron county. The commission denied him compensation for permanent disability resulting from the injury.

An issue of fact was presented to the commission with the burden upon plaintiff to establish his claim. *Milwaukee E. R. & L. Co. v. Industrial Comm.* 222 Wis. 111, 267 N. W. 62. Dr. Bonacci was called as a witness for plaintiff. He testified that he examined plaintiff shortly after the accident; that he found an injury to the back and a pre-existing osteoarthritic condition; that the arthritic condition had been aggravated by the injury; that the healing period had not ended, and that plaintiff was fifty per cent disabled.

It is contended by plaintiff that two reports of Dr. Tucker, who examined him for the defendant insurance carrier, are inconsistent in that in his first report he stated that symptoms found in plaintiff's back on December 31, 1948, have "no bearing on the accident," whereas in his second report made on August 30, 1949, he stated that Hinch "is permanently disabled for any heavy labor such as lifting, bending, squatting, about fifty per cent, on a combined basis of injury and osteoarthritis." If there is inconsistency between the two

reports, the latter still fails to state what proportion of the fifty per cent of disability is attributable to the injury. If it may be considered that there was inconsistency between the reports it was the function of the commission to reconcile them and to determine which is entitled to credence. *Plencner v. Industrial Comm.* 249 Wis. 370, 24 N. W. (2d) 669.

Dr. Martinetti, called by defendants, testified that he examined Hinch on August 30, 1949; that he found no evidence of injury to the back; that an X-ray examination disclosed none; that he found no evidence of disability; that the osteoarthritic condition is not related to, nor was it aggravated by, the fall; and that if there was disability it did not result from trauma.

There is, therefore, a difference of opinion between the medical experts in which case it is for the commission to make a finding as to the matter, and "unless such finding is clearly against all the credible testimony, or so inherently unreasonable in itself as not to be entitled to any weight, the conclusion arrived at by the commission is final." *Crucible Steel Casting Co. v. Industrial Comm.* 220 Wis. 665, 669, 265 N. W. 665. *Milwaukee E. R. & T. Co. v. Industrial Comm.* 258 Wis. 466, 46 N. W. (2d) 198. We are unable to say that the commission's conclusion may be rejected.

*By the Court.*—Judgment affirmed.