SHEEHAN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 9—April 3, 1956.*

598

For the appellant there were briefs by *Brennan, Brennan & Brennan* of Milwaukee, and oral argument by *Martin J. Brennan*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Tire Sales & Service Company and Bituminous Casualty Corporation there was a brief by *Schlotthauer & Jenswold* of Madison, and oral argument by *George Schlotthauer*.

STEINLE, J.   Appellant contends that the Industrial Commission acted in excess of its powers when it affirmed the findings of fact of its examiner to the effect that there is no change in the applicant's condition as a result of his injury, and then proceeded to render conclusions of law wholly inconsistent with such findings.

The determination of the extent or duration of disability of an applicant for workmen's compensation presents a question of fact and not of law, and the findings are conclusive if supported by credible evidence. *Squires v. Industrial Comm.* (1946), 248 Wis. 189, 191, 21 N. W. (2d) 264; *Hinch v. Industrial Comm.* (1951), 260 Wis. 47, 49 N. W. (2d) 714; *Gallenberg v. Industrial Comm.* (1955), 269 Wis. 40, 68 N. W. (2d) 550.

Where the medical testimony is in dispute, the finding of the commission with respect thereto is conclusive. *Keller v. Industrial Comm.* (1955), 271 Wis. 225, 72 N. W. (2d) 740. The commission possesses power to direct an award of a lump sum or a specified sum payable over a period of time for future total disability. *Tadin v. Industrial Comm.* (1953), 265 Wis. 375, 61 N. W. (2d) 309.

With reference to issues relating to the merits of the cause as presented to and adjudicated by the trial court, we are constrained to hold that the court correctly determined the same. However, in view of the conclusion that we have reached, and which is hereinafter stated, we shall not belabor analysis of the voluminous medical testimony presented at the various hearings.

On this appeal, the commission itself has raised the question as to whether it did not exceed its jurisdiction in entertaining applications and rendering orders with reference to claims of the plaintiff arising from his injury of April 12, 1949. The commission contends that its actions in the matter subsequent to its order of December 20, 1949, were mere nullities in that said order was a final disposition of the controversy, and that the commission had no jurisdiction to issue subsequent orders for payment of compensation.

The jurisdiction of the commission to hear and determine matters subsequent to December 20, 1949, involving plaintiff's injury sustained on April 12, 1949, was not challenged in the court below. When a want of jurisdiction appears at any stage of a cause, however, it is the duty of the court to dismiss the action. *Dewey v. Hyde* (1844), 1 Pin. 469. An appellate court has jurisdiction to determine the trial court's jurisdiction or lack thereof. *Polluck v. Minneapolis & St. L. R. Co.* (1920), 43 S. D. 456, 180 N. W. 61. This court had jurisdiction to determine whether the commission has the power to hear and determine matters re-

lating to the injury and the disability of the applicant after a final disposition with respect to such items by that agency. It is our view that the commission rendered a final order in this cause on December 20, 1949, and that since no review or appeal was taken thereon as permitted by statute, the commission was without jurisdiction to make a further order. It has heretofore been held that the commission lacks jurisdiction in compensation cases to issue effective orders after it has rendered final findings and orders, and when the statutory period for review has expired. *State ex rel. Watter v. Industrial Comm.* (1939), 233 Wis. 48, 287 N. W. 692; *Rathjen v. Industrial Comm.* (1940), 233 Wis. 452, 289 N. W. 618; *Gergen v. Industrial Comm.* (1946), 249 Wis. 140, 23 N. W. (2d) 473. The order of the examiner of December 20, 1949, under provisions in sec. 102.18 (2), (3), Stats., became the order of the commission. Appellant contends that said award was based upon conclusions and not true findings of fact. The examiner found that "It is admitted that applicant sustained injury April 12, 1949. . . . The issue is the nature and extent of disability." Since the fact of injury was conceded, there was no issue with respect to that item. We consider that the examiner's statement was a finding that the applicant had actually suffered injury. The commission is required to determine ultimate rather than evidentiary facts. The determination that the applicant was injured was one of ultimate fact. Likewise, the determination that "as a result of injury the applicant was temporarily totally disabled from April 12, 1949, to April 18, 1949, and from April 20, 1949, to September 12, 1949; that payment of an additional nine months' compensation adequately compensates the applicant for disability resulting from injury" was also a finding of ultimate fact. Neither the finding of injury, nor the finding of the nature and extent of the disability, were conclusions of law. As was said in

*Gerue v. Industrial Comm.* (1931), 205 Wis. 68, 70, 236 N. W. 528:

"Although a mere statement of an ultimate conclusion arrived at by applying a rule of law to a state of facts is not a finding of fact (*Tesch v. Industrial Comm.* 200 Wis. 616, 621, 229 N. W. 194), statutes requiring findings upon facts in controversy require but 'the "ultimate" facts, *i. e.,* the facts upon which the plaintiff's right of recovery or the defendant's right to defeat a recovery necessarily depends.' *Cointe v. Congregation of St. John the Baptist,* 154 Wis. 405, 417, 143 N. W. 180; *Laney v. Ricardo,* 169 Wis. 267, 271, 172 N. W. 141.

"The essential ultimate fact as to the extent of the future disability because of the injury, in the case at bar, was sufficiently found in determining that the plaintiff 'will suffer further disability, for which he will be adequately compensated by the payment to him of compensation on the basis of temporary partial disability of 50 per cent of total disability for the period of one year.' Upon that finding and the finding as to plaintiff's weekly wage, the proper amount of compensation can be readily computed as a matter of law."

It was specifically determined by the examiner in the findings and order of December 20, 1949, that the applicant had sustained temporary total disability which terminated September 12, 1949. There is no inference in the findings or the order to the effect that the applicant would in any manner sustain disability from the injury after September 12, 1949; nor is there any suggestion contained therein that the order was interlocutory, or that the commission reserved jurisdiction. The quotation of the trial court referred to by this court in *California Packing Co. v. Industrial Comm.* (1955), 270 Wis. 72, 76, 70 N. W. (2d) 200, may well be paraphrased so as to be applicable here by substituting the words *temporary total disability* for *permanent partial disability* as appears therein. The reference is as follows:

"In the words of the trial court, 'The healing period was over . . . it was the duty of the commission to fix the extent of *permanent partial disability*. . . . In fact, it was the only controverted issue, and the commission made a finding and order thereon. It became a final order, and the commission would have no further jurisdiction over it unless within twenty days it set aside the findings and order on its own motion because of the discovery of a mistake or upon the grounds of newly discovered evidence. . . . It could not treat such an order as an interlocutory one, not for the same disability, and reserve jurisdiction to make any further award.' " (Italics supplied.)

The examiner's order of December 20, 1949, was a final one. The commission did not within twenty days, as permitted by statute, set aside the order for the reason of the discovery of a mistake or upon the ground of newly discovered evidence; nor was a review sought. The acts of the commission subsequent to the date of that order, in the language of *Rathjen v. Industrial Comm., supra,* were "without any authorization or effect in law."

The commission's jurisdiction stems entirely from the compensation act. *Employers Mut. L. Ins. Co. v. Industrial Comm.* (1939), 230 Wis. 374, 284 N. W. 40. Jurisdiction cannot be conferred upon the commission by consent. *Welhouse v. Industrial Comm.* (1934), 214 Wis. 163, 252 N. W. 717. The fact that the commission scheduled hearings and made orders after it had lost jurisdiction in the controversy did not effectively confer jurisdiction and permit a change of the order which was final and no longer reviewable when such subsequent hearings took place, and when such orders were rendered.

We are obliged to determine that the order of the commission reviewed and affirmed by the trial court, and in regard to which this appeal was taken, was a nullity and of no effect. The order of December 20, 1949, was *res adjudicata* in rela-

tion to all issues between the employee on one side, and the employer and the carrier on the other, arising out of the injury to the employee. Had there been challenge to the jurisdiction of the commission by the employer or carrier at any time after the period had expired permitting review of the final order, and when proceedings in the matter were conducted, it is manifest that the employer or carrier could not have been held legally responsible for the payment of additional compensation as was directed. On this appeal all of the defendants seek an affirmance of the judgment, notwithstanding the position advanced by the commission in relation to its own lack of jurisdiction. Apparently the defendants are of a mind that under the circumstances and for valid reasons no claim against the plaintiff could successfully be sustained for compensation paid under orders issued after December 20, 1949. Since the trial court correctly determined the issues as were presented to it—no challenge to the jurisdiction of the commission having been raised below— and because affirmance is sought by the defendants, the judgment will be affirmed.

*By the Court.*—Judgment affirmed.