RICO, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*January 8—February 2, 1960.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

BROWN, J.    Plaintiff's age was fifty-four years when he was injured on December 15, 1955. He had been employed at hard, manual labor handling hides at the plant of Cudahy Brothers Company, one of the respondents. In the course of his work the appellant's left arm received a crushing injury between a truck and another vehicle. The plaintiff has applied for workmen's compensation based on an alleged permanent partial disability of his left arm caused by the accident. His application to the Industrial Commission was heard and considered and the commission found that permanent partial disability was incurred thereby to the extent of 20 per cent compared to a hypothetical loss of the left arm at the elbow. The plaintiff considered that the permanent disability was greater and he brought review of the commission's finding and award to circuit court for Dane county. There Rico contended that the finding of the Industrial Commission was not sustained by the evidence. That court

confirmed the finding and award of the Industrial Commission by a judgment from which plaintiff now appeals.

"The determination of the extent or duration of disability of an applicant for workmen's compensation presents a question of fact and not of law, and the findings are conclusive if supported by credible evidence. [Cases cited.]" *Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 600, 76 N. W. (2d) 343.

More recently we have announced the same principle of law in *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 99 N. W. (2d) 182.

There was a great deal of credible evidence to sustain the finding concerning the cause and the extent of the disability.

The day on which the accident occurred, or on the following day, a specialist in orthopedic surgery, Dr. J. Howard Johnson, operated upon the plaintiff's arm to repair the damage caused by the accident. Dr. Johnson testified that he found that Rico had a severely comminuted fracture of both bones midway between the wrist and the elbow of the left forearm, but the injury which Rico had just experienced did not involve the elbow at all. Nevertheless, Rico's movement of the left arm at the elbow was already substantially restricted. Not being able from his examination of the arm to attribute this condition to the accident, Dr. Johnson had X-ray pictures taken. They showed a pre-existing arthritic condition of the elbow which impaired the function of the elbow. Dr. Johnson testified that injuries to the soft tissue of the forearm, sustained at the time of the fracture, might have some effect in contributing to the subsequent permanent partial disability. Considering all factors from all causes, Dr. Johnson estimated that Rico's disability was 60 per cent as compared to the loss of the arm at the elbow and that the disability attributable solely to the accident was 20 per cent.

A second doctor, testifying in person, and a third doctor testifying by written report, gave evidence tending to support

Dr. Johnson's conclusions. Dr. Sadoff, in behalf of the appellant, testified that the permanent disability attributable to the accident was 40 per cent compared to the loss of the arm at the elbow.

"It is a well-established rule that the commission's finding on disputed medical testimony is conclusive. [Cases cited.]" *Milwaukee E. R. & T. Co. v. Industrial Comm.* (1951), 258 Wis. 466, 475, 46 N. W. (2d) 198.

As we have said so often, the evaluation of the testimony of the medical experts lies with the Industrial Commission. The decision of the commission is not to be disturbed under the circumstances which we have before us.

The physical demonstrations of Rico's disability also tend to confirm the commission's finding that no greater disability was caused by the accident. Mr. Moretto is the superintendent of the department of Cudahy Brothers Company where Rico was employed. Moretto testified that Rico's job is one of hard, manual labor, lifting and handling hides weighing 130 to 140 pounds. Rico is paid according to an incentive system which takes into consideration the amount of work which he turns out. Even after making allowance for a raise in the wage scale, Rico is earning more money than he did before his injury. This is equivalent to testimony that he produces more than he did before his accident. Moretto testified that Rico had not complained of the work and his production has not been any lower.

The evidence concerning the extent of the disability attributable to the injury supports the finding and the award of the commission and the judgment confirming the award must be affirmed.

*By the Court.*—Judgment affirmed.