Brown, J.
We quote these facts from appellant’s brief:
*275 “Phillip Kizewski, while employed as a laborer by Yellow Truck Lines, on June 13, 1945, while moving a heavy barrel in the course of his employment, suffered a back injury. A workmen’s compensation hearing was held April 2, 1946, wherein a compromise was reached and an order was entered on the basis of 10 per cent permanent disability.
“Upon applicant’s request a second hearing was held March 25, 1948. On April 20, 1948, an order finding 15 per cent permanent disability was entered. Said findings and order included the following language:
“ ‘There may be other medical expenses . . .’
“ ‘Upon payment of other reasonable medical expenses which applicant necessarily incurred because of his injury, said respondent insurance company shall be discharged from all liability.’ ”
Compensation was paid by the employer’s insurance carrier in compliance with the commission’s order. Kizewski did not ask review of the findings and order.
On April 20, 1949, the commission wrote Kizewski:
“The commission is making some survey of its records purely for statistical purposes. We are aware that you have made a final settlement in this case some time ago. We are, however, anxious to know whether you have fully recovered from the result of your injury, and if not, what symptoms you still have.”
There was correspondence between the commission and Kizewski and between the commission and the insurance carrier. The commission never made nor attempted to make an order directing the carrier to pay additional compensation but on August 25, 1952, suggested that the injury was more substantial than had been determined by the 1948 findings and order and, under the circumstances, the commission is calling to the insurance company’s attention the commission’s belief that the disability is actually 20 per cent, requesting that the company consider the case from the standpoint of that disability. Without stipulation and with *276 out order, the company did reconsider the matter and paid additional compensation of approximately $800, based on a 20 per cent disability.
Now Kizewski has sought an order of the commission that the company shall pay further compensation. The company resists such an order and the commission has found:
“The examiner finds that the Industrial Commission order of April 20, 1948, was a final order; that after the expiration of twenty days the Industrial Commission no longer held jurisdiction with regard to the alleged injury of June 13, 1945; that the subsequent payment of compensation by the insurance carrier did not and could not revive the claim; that in the absence of jurisdiction the Industrial Commission has no authority to determine questions of disability and treatment.”
The commission therefore has dismissed this application and its order has been confirmed by the judgment of the circuit court.
Appellant’s argument rests on a premise that the commission’s order of April 20, 1948, was an interlocutory order. That premise is derived from the last paragraph of that order as quoted, supra, which appellant construes as ordering payment of medical expenses to be incurred in the future. The language will not bear this interpretation. “Expense which applicant necessarily incurred,” relates plainly to the past. The order employs the past tense, not the future, of the verb “incur.” A year later in its letter for statistical information the commission wrote to Kizewski: “We are aware that you have made a final settlement . . . some time ago.” We must agree with the commission and the circuit court that the order of April 20, 1948, was a final one.
Appellant then falls back to the position that the insurance company waived its right to assert that the 1948 order was final. If it did, which we very much doubt, the commission *277 could not waive it. The commission’s final order exhausted its jurisdiction and it cannot be revived by waiver. Sheehan v. Industrial Comm. (1956), 272 Wis. 595, 604, 76 N. W. (2d) 343; Discher v. Industrial Comm. (1960), 10 Wis. (2d) 637, 645, 103 N. W. (2d) 519. The commission promptly recognized that its jurisdiction ceased when the time for review of its final order had expired. The judgment of the circuit court is affirmed.
By the Court. — Judgment affirmed.